# EXHIBIT A

30C01-1711-CT-001904

Hancock Circuit Court

Filed: 11/7/2017 11:48 AM
Clerk
Hancock County, Indiana

## SUMMONS

## IN THE HANCOCK SUPERIOR COURT

GREGORY W. SMITH,
    Plaintiff,

-vs-                                    CAUSE NO.

APPLE, INC.,
    Defendants.

TO DEFENDANT:    Apple, Inc.
                           c/o CT Corporation System, Resident Agent

                           150 West Market Street, Suite 800
                           Indianapolis, Indiana 46204

You are hereby notified that you have been sued by the Plaintiff in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the relief sought or the demand make against you by the plaintiff.

An answer or other appropriate response in writing must be filed in Court either by you or your attorney within twenty (20) days, commencing the day after you receive the summons, (or twenty-three (23) days if this summons was received by mail) or a Judgment by Default may be rendered against you for the relief demanded by the plaintiff. Your written answer must comply with and be in the form prescribed by the Indiana Trial Rules of Civil Procedure and the rules of the trial Court.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: _____11/7/2017_____              _Marcia R Moore_ AG
                                                       Clerk, Hancock County

[SEAL — HANCOCK COUNTY CLERK, INDIANA]

(The following manner of Service of Summons is hereby designated.)

  **X**    Registered or Certified Mail
_____Service on Individual
_____Service at place of employment, to-wit:
_____Service on agent. (Specify)
_____Other Service. (Specify)

James N. Scahill, # 2103-49
144 N. Delaware Street
Indianapolis, IN 46204
(317) 264-3636
FAX: (317) 264-3633

## SHERIFF'S RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2017:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2) By leaving a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of - _____ and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____.

_____  
Sheriff's Costs

_____  
Sheriff

By: _____  
Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2017, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

_____  
Clerk, Hancock Superior Court

Dated: _____, 2017_.

By: _____  
Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 2017.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2017.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of the defendant on the _____ day of _____, 2017.

Clerk, Hancock County

By: _____  
Deputy

30C01-1711-CT-001904

Hancock Circuit Court

Filed: 11/7/2017 11:48 AM
Clerk
Hancock County, Indiana

STATE OF INDIANA      )
                      )SS:
COUNTY OF HANCOCK     )

IN THE HANCOCK COUNTY SUPERIOR COURT

CAUSE NO.

GREGORY W. SMITH,           )
         Plaintiff,         )
                            )
    vs.                     )
                            )
APPLE, INC.,                )
         Defendant.         )

## E-FILING APPEARANCE BY ATTORNEY IN A CIVIL CASE

1. The party on whose behalf this form is being filed is:

   Initiating ____X____ Responding _____ Intervening _____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case

   for the following parties:

   Name of party; _____Gregory W. Smith_____

2. The applicable attorney information for service of process purposes as required

   by Trial Rule 5 (B) (2) and for case information as required by Trial Rules 3.1 and 77 (B)

   is as follows:

   James N. Scahill, #2103-49
   144 North Delaware Street
   Indianapolis, IN 46204-2551
   (317) 264-3636
   (317) 264-3633 – FAX
   jnscahill@gmail.com

**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Role of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86 (G) will be sent to the attorney at**

**the email address(es) specified by the attorney on the Role of Attorneys regardless of the contact information listed above for the attorney;** and

(c) understands that he/C is solely responsible for keeping his/her Role of Attorneys contact information current and accurate, see Ind. Admis. Dis. R. 2(A).

Attorneys can review and update their Role of Attorneys contact information on the Court's Portal at http://portal.courts.in.gov.

3. This is a ___CT___ case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes _____ No __X__.

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes _____ No __X__.

6. This case involves a petition for involuntary commitment. Yes _____ No __X__

7. There are related cases: Yes _____ No __X__.

8. There are other party members: Yes _____ No __X__.

9. This form has been served on all other parties and certificate of service is attached: Yes __X__ No _____.

Respectfully submitted,

/s/: James N. Scahill
James N. Scahill

James N. Scahill, Esq., #2103-49
144 North Delaware Street
Indianapolis, IN 46204-2551
(317) 264-3636

2

30C01-1711-CT-001904

Hancock Circuit Court

Filed: 11/7/2017 11:48 AM
Clerk
Hancock County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HANCOCK COUNTY SUPERIOR COURT |
| | )SS: | |
| COUNTY OF HANCOCK | ) | CAUSE NO. |

| | |
|---|---|
| GREGORY W. SMITH, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| APPLE, INC., | ) |
|     Defendant. | ) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Comes now the plaintiff, Gregory W. Smith, by counsel, and for his cause of action against the defendant, Apple, Inc., states as follows:

### Factual Allegations

1. Plaintiff, Gregory W. Smith, is and at all times relevant hereto was a resident of Hancock County, Indiana.

2. Defendant, Apple, Inc., is a foreign corporation, with its principal place of business located at 1 Infinite Loop, MS: 38 – 3TX, Cupertino, CA 95014.

3. Defendant, Apple, Inc., is engaged in the business of designing, manufacturing, testing, distributing, and selling consumer electronic products, including but not limited to "iPhones".

4. On November 9, 2015, the plaintiff, Gregory W. Smith, was the owner of an iPhone 6s manufactured by the defendant, Apple, Inc..

5. On or about November 9, 2015, the plaintiff, Gregory W. Smith, was carrying his iPhone 6s in the front pocket of his pants, when suddenly and without warning, the device exploded.

6. As a result of the device exploding, the plaintiff, Gregory W. Smith, was seriously injured, including but not limited to significant burns to his thigh.

7. The plaintiff, Gregory W. Smith, sustained injuries and damages as a direct and proximate result of the November 9, 2015 incident described above, including but not limited to suffering severe and permanent injuries; incurring medical and prescription expenses, suffering physical and emotional pain; burns and scarring to his thigh, all of which may be permanent. Additionally, as a direct and proximate result of the November 9, 2015 incident, the plaintiff, Gregory W. Smith, has missed opportunities to enjoy life; and has lost wages, and may continue to incur such losses and damages in the future.

## Count I-Strict Liability

8. Plaintiff, Gregory W. Smith, incorporates by reference rhetorical paragraphs 1 through 7 of the Factual Allegations into this count of his complaint.

9. Defendant, Apple, Inc., designed, tested, manufactured, distributed and sold the iPhone 6s that was being used by the plaintiff, Gregory W. Smith, on November 9, 2015, as described above.

10. Defendant, Apple, Inc., distributed the iPhone 6s through a chain of distribution which included the sale of the iPhone 6s to the plaintiff, Gregory W. Smith.

11. Defendant, Apple, Inc., caused the iPhone 6s to be placed into the stream of commerce and to be used by consumers such as the plaintiff, Gregory W. Smith in the State of Indiana knowing that the iPhone 6s would be used by consumers such as the plaintiff, Gregory W. Smith.

12. Defendant, Apple, Inc., put the iPhone 6s and other similar products into the stream of commerce with the anticipation and expectation that the products would be purchase, used, consumed and/or exposed to use by consumers in Indiana.

13. Defendant, Apple, Inc., and its agents, servants, and employees knew, had reason to know, and anticipated that their products would be purchased and used in the United States without any limitation to geographical area and would be distributed through interstate commerce into several states including Indiana.

14. The iPhone 6s was sold by the defendant, Apple, Inc., in the ordinary course of commerce, trade, and use.

15. The iPhone 6s, was defective and because of those defects was unreasonably dangerous to a person who might be reasonably expected to use, consume, or be affected by the iPhone 6s.

16. The iPhone 6s reached the plaintiff, Gregory W. Smith, without substantial change in the condition in which it was manufactured and sold by the defendant, Apple, Inc., and with only such changes or modifications as were reasonably foreseeable by the defendant, Apple, Inc..

17. The iPhone 6s was defective in its design and manufacture and was not accompanied with proper or sufficient warnings or instructions which would adequately inform the ordinary user of the hazards which may be involved in its use.

18. The defendant, Apple, Inc., and its agents, servants and employees, by advertising, labeling, and otherwise, misrepresented to the public and to the plaintiff, Gregory W. Smith, material facts concerning the character and quality of the iPhone 6s,

and plaintiff, Gregory W. Smith, justifiably relied on those representations in his use and exposure to the product.

19.     As a direct and proximate result and consequence of the defects in the iPhone 6s and the circumstances as aforesaid, the plaintiff, Gregory W. Smith, has suffered those injuries, damages, and losses which have been more fully set forth in the Factual Allegations and which are incorporated herein, thereby rendering the defendant, Apple, Inc., strictly liable for Plaintiff's injuries, damages, and losses as are more fully set forth in the Factual Allegations.

Wherefore, the plaintiff, Gregory W. Smith, prays that judgment be entered in his behalf and against the defendant, Apple, Inc., that the plaintiff, Gregory W. Smith, be awarded damages in an amount sufficient to compensate him for his injuries, for costs, and for all other just and proper relief.

## Count II-Breach of Implied Warranty

20.     Plaintiff, Gregory W. Smith, incorporates by reference rhetorical paragraphs 1 through 19 of the Factual Allegations into this count of his complaint.

21.     Defendant, Apple, Inc., and its agents, servants, and employees impliedly warranted the iPhone 6s to be fit and suitable for the particular purpose of being used as a mobile electronic device under the circumstances herein alleged.

22.     The iPhone 6s was not fit and suitable for the particular purpose for which it was warranted.

23.     The defendant, Apple, Inc., and its agents, servants and employees warranted that the iPhone 6s was of merchantable quality at the time of its sale and distribution.

24. The defendant, Apple, Inc., and its agents, servants and employees expressly and impliedly warranted that the iPhone 6s was safe for use under the circumstances for which the iPhone 6s was used and for which the iPhone 6s could reasonably be expected to be used.

25. The plaintiff, Gregory W. Smith, either directly or indirectly relied on the representations and information in such warranties.

26. The defendant, Apple, Inc., breached the express and implied warranties as described herein, and as a proximate result and consequence of these breaches of warranty, the plaintiff, Gregory W. Smith, suffered those injuries, damages, and losses which have been more fully set forth in the Factual Allegations.

Wherefore, the plaintiff, Gregory W. Smith, prays that judgment be entered in his behalf and against the defendant, Apple, Inc., that the plaintiff, Gregory W. Smith, be awarded damages in an amount sufficient to compensate him for his injuries, for costs, and for all other just and proper relief.

## Count III-Negligence

27. Plaintiff, Gregory W. Smith, incorporates by reference rhetorical paragraphs 1 through 26 of the Factual Allegations into this count of his complaint.

28. The defendant, Apple, Inc., was negligent in designing, manufacturing, assembling, testing, importing, distributing, and selling the iPhone 6s and it failed to exercise reasonable care to prevent the iPhone 6s from creating an unreasonable risk of harm to others, such as the plaintiff, Gregory W. Smith, who might reasonably be expected to use or be affected by the iPhone 6s.

29. The defendant, Apple, Inc., negligently failed to provide sufficient warnings and instructions concerning the use of the iPhone 6s and failed to use reasonable care to warn users, including the plaintiff, Gregory W. Smith, that the iPhone 6s could be dangerous and injurious under the circumstances such as prevailed herein.

30. Defendant, Apple, Inc., negligently failed to provide sufficient, effective and available safety mechanisms and/or guards on the iPhone 6s.

31. The defendant, Apple, Inc., and its agents, servants, and employees knew or should have known that the iPhone 6s created an unreasonable risk of injury to its users and persons in proximity to the iPhone 6s when used in a fashion reasonably foreseeable to the defendant, Apple, Inc..

32. As a direct and proximate result in consequence of the defendant, Apple, Inc.'s negligence, the plaintiff, Gregory W. Smith, suffered those injuries, damages, and losses as more fully set forth in the Factual Allegations.

Wherefore, the plaintiff, Gregory W. Smith, prays that judgment be entered in his behalf and against the defendant, Apple, Inc., that the plaintiff, Gregory W. Smith, be awarded damages in an amount sufficient to compensate him for his injuries, for costs, and for all other just and proper relief.

## Demand for Jury Trial

33. Plaintiff, Gregory W. Smith, incorporates by reference rhetorical paragraphs 1 through 32 of the Factual Allegations into this count of his complaint.

34. Plaintiff, Gregory W. Smith, hereby demands, pursuant to T.R. 38, a jury trial upon each and every issue and cause of action so triable.

Wherefore, the plaintiff, Gregory W. Smith, prays that judgment be entered in his behalf and against the defendant, Apple, Inc., that the plaintiff, Gregory W. Smith, be awarded damages in an amount sufficient to compensate him for his injuries, for costs, and for all other just and proper relief.

                                                 Respectfully submitted,

                                                 /s/: James N. Scahill
                                                 James N. Scahill

James N. Scahill, Esq., #2103-49
144 North Delaware Street
Indianapolis, IN 46204-2551
(317) 264-3636