UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREGORY W. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04694-RLY-MJD |
| | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER TO SHOW CAUSE**

On December 20, 2017, Defendant Apple Inc. filed a Notice of Removal removing this matter to this Court on the basis of diversity jurisdiction. [Dkt. 1.] The Notice alleged in relevant part as follows: "Upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand Dollars ($75,000.00) as the Plaintiff seeks damages for alleged severe and permanent injuries, medical and prescription expenses, physical and emotional pain, burns and scarring, and lost wages. See Complaint at Paragraph 7." [*Id.* ¶ 10.]

Pursuant to Local Rule 81-1(b), Plaintiff was required to file a response to the notice of removal on or before January 19, 2018. S.D. Ind. L.R. 81-1(b). No such response has ever been filed.

Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The parties cannot confer jurisdiction on the Court simply by stipulating that it

1

exists. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

It has come to the Court's attention that Plaintiff's total medical expenses relatable to this matter amount to $1,674.90. Plaintiff claims a total of $2560.00 in lost wages, as well as the $649 cost of the iPhone at issue. Those facts and the other information of which the Court is aware regarding Plaintiff's claim suggest that, at no time prior to or since the removal of this action has the amount in controversy in this matter come anywhere close to the $75,000.00 exclusive of interest or costs alleged by Defendant "upon information or belief" in the Notice of Removal. Consequently, the Court has serious reason to question its subject matter jurisdiction over this matter.

Accordingly, on or before **October 2, 2018**, the parties are ordered to show cause why this matter should not be remanded to the court from which it was removed as the result of this Court's lack of subject matter jurisdiction over the case.

SO ORDERED.

Dated: 18 SEP 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.