UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY W. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04694-RLY-MJD |
| ) | |
| APPLE, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

The Court issued an Order to Show Cause why this matter should not be remanded to the court from which it was removed as the result of this Court's lack of subject matter jurisdiction over the case. [Dkt. 41.] Plaintiff responded, stating that he "does not allege and never has alleged that the amount in controversy, including out-of-pocket expenses, and all other damages, exceeds $75,000." [Dkt. 42 at 2.] For the reasons set forth below, the Magistrate Judge recommends the Court remand this case to the court from which it was removed.

## I.   Background

On November 7, 2017, Plaintiff Gregory Smith filed his Complaint against Defendant Apple Inc. in the Circuit Court of Hancock County, Indiana under Cause No. 30C01-1711-CT-001904. The Complaint alleges the following: on November 9, 2015, Plaintiff was carrying his iPhone in the front pocket of his pants, when suddenly and without warning, the device exploded. [Dkt. 1-1 at 6.] Consequently, Plaintiff was seriously injured, including burns on his thigh. [*Id.* at 7.] Plaintiff seeks damages for alleged severe and permanent injuries, medical and

1

prescription expenses, physical and emotional pain, burns and scarring, and lost wages. [Dkt. 1-1.]

On December 20, 2017, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1332, alleging that this Court has diversity jurisdiction over the matter. [Dkt. 1.] The Notice states that Defendant is a California corporation with its principal place of business in California; Plaintiff is a citizen of Indiana; and based on the Complaint's allegations, the amount in controversy exceeds $75,000, exclusive of interest and costs. [Dkt. 1 at 2.]

Pursuant to Local Rule 81-1(b), Plaintiff was required to file a response to the Notice of Removal on or before January 19, 2018. S.D. Ind. L.R. 81-1(b). No such response was filed. Additionally, it came to the Court's attention that Plaintiff's total medical expenses relatable to this matter amount to $1,674.90. [Dkt. 41 at 2.] Plaintiff claims a total of $2,560.00 in lost wages, as well as the $649 cost of the iPhone at issue. [*Id.*] Consequently, the Court had serious reason to question its subject matter jurisdiction over this matter and ordered the parties to show cause why the issue should not be remanded. [Dkt. 41.]

Plaintiff responded to the Order to Show Cause on October 1, 2018, requesting that the Court find it lacks subject matter jurisdiction, and that the matter be remanded to the Hancock County Circuit Court. [Dkt. 42 at 2.] On October 2, 2018, Defendant responded as well, stating that it removed this case to federal court based upon the parties' diversity of citizenship and a good-faith belief that Plaintiff's claims would exceed $75,000. [Dkt. 43 at 1.] Furthermore, Defendant noted that Plaintiff has not yet outlined the amount of his claimed pain and suffering and permanent scarring damages, which, it argues, would likely cause the amount in controversy to exceed the statutory minimum. [*Id.* at 1-2.]

## II.      Standard of Law

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between citizens of different states. 28 U.S.C. § 1332(a)(1). "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Regardless of the "waste of effort" that results from a case partially or fully litigated in the wrong court, "both the Supreme Court and [the Seventh Circuit Court of Appeals] have noted time and again that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000). "[T]he propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand." *People of the State of Ill. V. Kerr McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

The party seeking to invoke federal jurisdiction must establish both complete diversity of citizenship and that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Court is satisfied that there is complete diversity among the parties; at issue here is only whether this case meets the amount in controversy requirement.

"[T]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana v. Coca-Cola, Co.*, 472 F.3d 506, 510 (7th Cir. 2006). While the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," the proponent of jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the speculated assertions when the plaintiff contests, or the court

questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. §§ 1446(a), 1446(c)(2)(B)). That is easier said than done, however, when the plaintiff does not want to be in federal court and provides little information about the value of its claims. *Oshana*, 472 F.3d at 510. Or, similarly, in states that prohibit personal injury plaintiffs from listing a dollar figure in their claims for relief. *See* Ind. T.R. 8(A)(2). In such a case, "a [defendant's] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 510.

The amount in controversy is determined based on an evaluation of the controversy described in the plaintiff's complaint and the record as a whole, and it is determined as of the date of removal. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997). In making this determination, however, the Court is not limited to the evidence in the record at the time of removal, but may use whatever evidence "sheds light on the situation which existed when the case was removed." *Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997).

## III.   Discussion

In claiming the jurisdictional amount is satisfied, Defendant relies on the Complaint's allegations of Plaintiff's damages, Plaintiff's response to Defendant's First Set of Interrogatories, Plaintiff's response to Defendant's Requests for Production of Documents, and Plaintiff's deposition testimony. Defendant argues that jurisdiction is proper in this Court because its "good faith basis for removal presently continues based on Plaintiff's refusal to assert a value for his alleged pain and suffering and permanent scarring." [Dkt. 43 at 3.]

On August 31, 2018, Plaintiff responded to Defendant's Interrogatories, which sought, in part, information regarding Plaintiff's alleged damages. [Dkt. 43 at 2.] Plaintiff "alleg[ed] the

following damages: (1) medical expenses totaling $1,674.90; (2) lost wages totaling $2560.00; (3) personal property loss totaling $649.00.  Plaintiff also noted that his alleged pain and suffering damages were 'to be determined.'" [*Id.*]  That same day, Plaintiff also responded to Defendant's Request for Production of Documents, "noting that the only medical damages were provided with Plaintiff's Initial Disclosures." [*Id.*]

On September 11, 2018, Defendant deposed Plaintiff and "ask[ed] him to define the extent of his pain and suffering and permanent scarring damages." [Dkt. 43 at 3.]  When questioned whether he knew how much he was going to ask for scarring or pain and suffering, Plaintiff answered, "No." [*Id.* at 3-4.]  Defendant argues that Plaintiff's refusal to quantify his pain and suffering damages shows by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Plaintiff, on the other hand, argues that he "does not allege and never has alleged that the amount in controversy, including out-of-pocket expenses, **and all other damages**, exceeds $75,000." [Dkt. 42 at 2 (emphasis added).]  Plaintiff's total special damages to date equal $4,883.90.  For this Court to have subject matter jurisdiction over the case, it must find, by a preponderance of the evidence, that the remaining uncalculated damages exceed $70,116.10.  *See* 28 U.S.C. § 1446(c)(2)(B).  Defendant asks the Court to speculate that Plaintiff's remaining damages exceed $70,000, without any additional evidence, apart from the fact that Plaintiff has yet to quantify the amount.

What is telling, however, is Plaintiff's initial settlement demand.  Even though settlement offers are inadmissible to prove liability under Rule 408 of the Federal Rules of Evidence, they are admissible to show whether the amount in controversy for jurisdictional purposes has been met.  *Carroll v. Stryker Corp.*, 658 F.3d 675, 682 (7th Cir. 2011) (citing *Rising-Moore v. Red*

*Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (holding that "the willingness to accept $60,000 [in a settlement right before trial] supports a conclusion that the 'controversy' exceeds $75,000")). Plaintiff stated he was willing to accept $16,500, or roughly one-fifth of the statutory minimum. The most reasonable inference to be drawn from such a demand, in combination with the minimal special damages at issue in this case, is that the amount in controversy is far below the jurisdictional minimum.

Given Plaintiff's minimal special damages, his settlement demand and the reasonable inferences to be drawn therefrom, and the lack of evidence suggesting otherwise,[1] Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV. Conclusion

Based on the foregoing, the Magistrate Judge recommends that this case be remanded to the Hancock County Circuit Court. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 4 MAR 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[1] For example, Defendant does not state that it asked Plaintiff to admit or deny that the amount in controversy exceeded $75,000, nor does it mention asking Plaintiff to stipulate that he is seeking more or less than the jurisdictional minimum. *See Resnick v. Gibralter Financial Corp.*, No. 1:12-cv-1096-JMS-MJD, 2012 WL 4358841, at *6 (S.D. Ind. Sept. 21, 2012) ("When asked to stipulate that they had less than [$75,000] of damages, however, Plaintiffs refused to do so. Their refusal is telling."); *Durbin v. Wal-Mart Stores, Inc.*, No. 1:04-cv-01570-JDT-TA, 2004 WL 2750256, at *3 n.2 (S.D. Ind. Oct. 27, 2004) (giving examples of what the defendant could have done to obtain more information to meet its burden).

Distribution:

Jennifer Artman
SHOOK HARDY & BACON LLP
jartman@shb.com

Ryan L. Leitch
RILEY BENNETT & EGLOFF LLP
rleitch@rbelaw.com

John F. Murphy
SHOOK HARDY & BACON LLP
jmurphy@shb.com

James Norman Scahill
jnscahill@gmail.com

Justin Owen Sorrell
RILEY BENNETT & EGLOFF LLP
JSorrell@rbelaw.com